SUMMARY ORDER

Susu Wei, a native and citizen of the People’s Republic of China, seeks review of a January 14, 2008 order of the BIA, affirming the February 7, 2006 decision of Immigration Judge (“IJ”) Sandy K. Horn, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Susu Wei, No. A95 708 652 (B.I.A. Jan. 14, 2008), aff'g No. A95 708 652 (Immig. Ct. N.Y. City Feb. 7, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When the BIA does not expressly “adopt” the IJ’s decision, but its opinion closely tracks the IJ’s reasoning, the Court may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect the Court’s ultimate conclusion. See Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings, including adverse credibility findings, under *405 the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii); see Xiu Xia Lin v. Mukasey, 534 F.3d 162, 168 (2d Cir.2008); Matter of J-Y-C-, 24 I. & N. Dec. 260, 265 (BIA 2007).
As a preliminary matter, the government has objected to several of Wei’s arguments on grounds of exhaustion. We agree that Wei did not exhaust, and therefore decline to consider, the arguments raised for the first time before this Court concerning: (1) whether the questioning at her airport and credible fear interviews was sufficient, and whether a fear of her smugglers rendered her answers unreliable; (2) whether the IJ improperly speculated that Wei could not use her national ID card to depart China if she was being sought by the authorities; and (3) whether corroborating witnesses were unavailable because fellow Falun Gong practitioners are generally in the United States illegally and reluctant to become involved in government proceedings. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 107 n. 1(a) (2d Cir.2007). Thus, these findings are proper bases for the agency’s adverse credibility finding.
As to the arguments that Wei did exhaust, substantial evidence supports the agency’s adverse credibility determination. The agency reasonably relied on inconsistencies between her airport and credible fear interviews, in which she stated that she was not a Falun Gong practitioner and had never practiced Falun Gong, and her asylum hearing testimony, that she is a Falun Gong practitioner and has been since living in China. See 8 U.S.C. § 1158(b)(1)(B)(iii). No reasonable factfin-der would be compelled to accept Wei’s explanations for these inconsistencies. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005).
In addition, it was not improper for the agency to rely on Wei’s belief that Falun Gong was a religion (which practitioners vehemently deny) given her claimed “deep understanding” of the spiritual movement. See Rizal v. Gonzales, 442 F.3d 84, 90 (2d Cir.2006) (noting that “the nature of an individual applicant’s account [may] render his lack of a certain degree of doctrinal knowledge suspect,” for example, “where an applicant claims to have been a teacher of, or expert in, the religion in question,” and “could therefore provide substantial evidence in support of an adverse credibility finding”).
Wei does not challenge the IJ’s finding that her testimony was scant and vague, and therefore any such argument is waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 546 n. 7 (2d Cir.2005). Finally, it was not error for the agency to find that Wei’s failure to produce a witness who knew of her Falun Gong activities to corroborate her claim reflected adversely on her credibility. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). “Considering the totality of the circumstances,” substantial evidence supports the agency’s adverse credibility finding. 8 U.S.C. § 1158(b)(1)(B)(iii). As a result, the agency’s denial of Wei’s application for asylum, withholding of removal, and relief under the CAT was not in error. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006) (withholding of removal and CAT claims must fail when petitioner is *406 unable to show objective likelihood of persecution needed to make out an asylum claim and the claims are based on the same factual predicate).
For the foregoing reasons, the petition for review is DENIED.